No. 50        December 27, 2011        417

IN THE OREGON TAX COURT
REGULAR DIVISION

CON-WAY, INC.
& Affiliates,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*
(TC 5003)

Plaintiffs (taxpayer) appealed a decision by Defendant (the department) denying their application of business energy tax credit (BETC) as an offset against assessed tax. The department argued that taxpayer's corporation excise tax liability included a minimum tax obligation that could not be reduced by the application of tax credits. Granting taxpayer's motion for summary judgment, the court ruled that the intent of the legislature was to permit application of the BETC credit against a minimum tax obligation computed under ORS 317.090.

Oral argument on cross-motions for summary judgment was held September 20, 2011, in the courtroom of the Oregon Tax Court, Salem.

Eric J. Kodesch, Stoel Rives LLP, Portland, filed the motion and argued the cause for Plaintiffs (taxpayer).

Darren Weirnick, Assistant Attorney General, Department of Justice, Salem, filed the cross-motion and argued the cause for Defendant (the department).

Decision for Plaintiffs rendered December 27, 2011.

**HENRY C. BREITHAUPT, Judge.**

## I.   INTRODUCTION

This case is before the court on cross-motions for summary judgment. The parties have filed a stipulation and Defendant (department) has filed an uncontested declaration and related exhibits. The year at issue is the year ended December 31, 2009.

## II.   FACTS

In February 2008, Plaintiffs (taxpayers) applied for and were issued a final certificate confirming that taxpayers

had acquired, by purchase, a business energy tax credit (BETC).

For their 2009 tax year, taxpayers were certified as being eligible for a BETC exceeding $75,000. Taxpayers had also made Oregon estimated corporation excise tax payments of $50,000 before filing their return. Taxpayers reported no Oregon net income for purposes of ORS 317.070. Taxpayers did, however, report Oregon sales of $79,304,714 and a tax liability of $75,000 pursuant to ORS 317.090, before application of the BETC, estimated tax payments, or any other payments.

In their 2009 Oregon corporation excise tax return, taxpayers applied their BETC against their reported Oregon tax liability of $75,000. Taxpayers also contended that their $50,000 in estimated tax payments constituted an overpayment eligible for refund. Taxpayers requested that $25,000 of their refund be applied toward their 2010 estimated tax liability and requested the remaining $25,000 be refunded.

In processing taxpayers' 2009 corporation excise tax return, the department disallowed taxpayers' application of the BETC against taxpayers' reported Oregon tax liability, but did not otherwise audit taxpayers' 2009 return or tax liability.

Consistent with its disallowance of the claimed application of the BETC against taxpayers' reported 2009 Oregon tax liability, the department declined to apply $25,000 to taxpayers' 2010 estimated tax liability, declined to refund $25,000, and assessed taxpayers for $25,000 along with associated penalties and interest.

On February 18, 2011, taxpayers timely appealed the Notice of Assessment by filing in the Magistrate Division of the Oregon Tax Court. The department timely responded with an Answer dated April 1, 2011.

Consistent with the position taken on their returns, taxpayers argue that the BETC can be applied to reduce taxpayers' corporate minimum tax obligation under ORS 317.090. Forms prepared by the department, however, have

treated the minimum tax obligation as an obligation that is not reduced by the application of tax credits.

On April 12, 2011, the Judge of the Oregon Tax Court specially designated this case for hearing in the Regular Division pursuant to ORS 305.501.

### III.  ISSUE

The issue for decision is whether the BETC purchased by taxpayers may be applied against or in payment of their obligations arising under ORS 317.090.

### IV.  ANALYSIS

At its most basic level, the disagreement in this case is as to whether the minimum tax provided for under ORS 317.090[1] is a minimum obligation that may be satisfied through application of a credit or whether ORS 317.090 dictates that the taxpayer with an obligation arising under ORS 317.090 must make a cash payment to the state in the amount calculated under the statute for a given year.[2]

The question in this case could have arisen under the law as it existed prior to the adoption by referendum of Oregon Laws 2009, chapter 745 (2009) (Measure 67).[3] However, the amount in controversy would have been, for most recent years, $10.00. That was an amount substantially less than the minimum tax obligation arising under ORS 317.090 as a result of Measure 67. It is, however, important to note that Measure 67, like ORS 317.090, was silent on the question of whether tax credits otherwise existing under Oregon law may be applied against a minimum tax obligation arising under ORS 317.090.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

[2] As noted in the statement of facts, taxpayers had made estimated tax payments to the state in an amount exceeding the amount they concede is their obligation under ORS 317.090. At the request of taxpayers, a portion of those payments of estimated tax were applied to the succeeding tax year and a portion was refunded. The state does not make any argument that the law requires the payments of estimated tax to be applied to a minimum tax obligation prior to consideration of the applicability of any tax credit amounts.

[3] Approved by referendum on January 26, 2010.

In the absence of an express statutory provision, both before and after the passage of Measure 67, the court is left with a task of statutory construction. ORS 317.090 provides in relevant part:

> "Each corporation or affiliated group of corporations filing a return under ORS 317.710 shall pay annually to the state, for the privilege of carrying on or doing business by it within this state, a minimum tax ***."

The BETC credit arises under ORS 315.354, subsection (1) of which provides a tax credit "against the taxes otherwise due under *** ORS chapter 317." The tax due under ORS 317.090 is obviously a tax due under ORS chapter 317.

The department asserts that this language requires a cash payment each year in the amount of any liability calculated under ORS 317.090. Taxpayers acknowledge that they have a liability under the statute for a minimum tax, but argue that they may satisfy that minimum tax liability by application of their BETC.

In effect, the department asks the court to add words to the statute so that it reads that there is an obligation to pay "in cash and without regard to any tax credit otherwise available to the taxpayer." Not only does the statute not contain those words, the context of the revenue laws as a whole indicates that when the legislature desires to prevent a tax credit from being used to satisfy a minimum tax obligation, it knows how to say so and has, in fact, said so.

ORS 317.151(5)(a), relating to a credit for contributions of certain technical property, states that the credit "shall not be allowed against the tax imposed under ORS 317.090." The credit provided under ORS 317.151 is a credit that the legislature stated, as it did in respect of the BETC, was to be against taxes "otherwise due under this chapter."

A similar explicit statement on limitation of application is made in ORS 291.349(3) relating to the so called "kicker" credit for corporations. There it is stated that "no credit shall be allowed against tax liability imposed by ORS 317.090."[4]

---

[4] It is not entirely clear to the court as to whether the reference in ORS 291.349(3) relates to the application of the credit or the computation of the credit. However, in either event, the statement is clear support for the proposition that

The position of the department amounts to a request that this court add language to a statute that the legislature did not place in the statute prior to referring its actions to the people. The position of the department also is inconsistent with the fact that when the legislature wished to neutralize the benefit of a credit in respect of the minimum tax, it knew how to and did say so.

The department argues that the foregoing conclusion is precluded, however, by the requirement found in ORS 317.090 that the minimum tax is "payable in full," and by the long standing interpretation of the department, reflected in its forms, that credits are not applicable to the minimum tax.

The obligation to pay the minimum tax to the state is no different from the obligation under ORS 317.070 to pay to the state the "regular" tax. Credits may be applied against the regular tax and the argument of the department that the legislature meant something substantially different when it used the words "pay" and "payable" in ORS 317.090 is without statutory support. Further, the statutory text relating to the "payable in full" provision indicates that the term is used to prevent a taxpayer from prorating its liability in the event it is subject to tax for only a portion of a year. *See* ORS 317.090 ("The minimum tax shall not be apportionable \*\*\* but shall be payable in full *for any part of the year during which a corporation is subject to tax*.")(Emphasis added.).

The longstanding interpretive positions of the department, reflected in the tax forms it has created, cannot displace the intent of the legislature. For the reasons set forth above, this court concludes that the intent of the legislature was to permit application of the BETC credit against a minimum tax obligation computed under ORS 317.090.[5]

---

when the legislature was addressing the minimum tax under ORS 317.090, it said so.

[5] The court also notes that the conclusion urged by the department would have the effect of making a BETC less valuable and therefore less of an incentive to the participants in the BETC program. Although there has been substantial debate about the BETC program, the legislature has retained it. If the legislature wishes to decrease the value of the credit by making it inapplicable to the more substantial minimum tax now in effect, it may do so. That, however, is not the role of this court.

## V.   CONCLUSION

Now, therefore,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED that Defendant's Cross-Motion for Summary Judgment is denied.